### 26628. WILLIFORD *v.* CULPEPPER.

DECIDED FEBRUARY 24, 1938. REHEARING DENIED MARCH 29, 1938.

*Miles W. Lewis,* for plaintiff in error. *A. F. Jenkins,* contra.

STEPHENS, P. J. 1. Where, on the back of a written bill of sale of personalty to secure a debt, in which the maker obligates himself by a promise to pay the indebtedness, and in which, among the property conveyed as security for the debt, are the crops to be grown during the year on a designated place, there is an indorsement made by the landlord of the debtor in which the landlord waives his right to the collection of the rent "upon the land upon which are grown the crops for the year 1936, as described in the within bill of sale until the within note is fully paid," the indorsement is not an obligation to pay the debt referred to in the bill of sale, and the landlord does not, in making the indorsement, become either a surety or guarantor for the debt. The indorsement merely relinquishes, for the benefit of the grantee, until the debt is fully paid, all the right, title, and interest whatsoever which the landlord may have in and to the crops grown on the land as security for any claim which he may have for rent. The title to the crops, by virtue of the terms of the bill of sale, is in the grantee, free from any right, title, or interest therein of the landlord until the debt is paid. Where the landlord takes possession of the crops, before the payment of the debt, and converts the crops to his own use by selling them and retaining the money

received from the sale, the grantee in the bill of sale, whose debt has not been paid, and who has title to the crops free from any claim of title or right of the landlord in the crops, may recover of the landlord as for money had and received, to the extent of the unpaid indebtedness, the amount which the landlord received from the sale of the crops.

2. In a suit by the grantee in the bill of sale against the landlord, to recover a sum representing the amount received by the defendant for the sale of the crops, the petition is not subject to demurrer on the ground that the defendant was a surety and as such was released by the failure of the plaintiff to record the bill of sale. Nor was the petition subject to demurrer on the ground that there was a non-joinder of parties in that the maker of the bill of sale was not joined as a party defendant.

3. The petition set out a cause of action and the court did not err in overruling the demurrer thereto.

4. It appearing uncontradicted from the evidence that the defendant executed on the back of the bill of sale such an indorsement as is indicated above, that he took possession of the crops indicated and sold them for a designated amount, although it appears that the bill of sale had never been recorded and that other property conveyed in the bill of sale as security for the debt had been disposed of by the debtor and was not available to the grantee for the payment of the debt, and that the unpaid balance due on the note was in excess of the amount received by the defendant for the sale of the crops, the court properly directed a verdict for the plaintiff in the amount of money which the defendant had received from the sale of the crops.

5. The court did not err in overruling the defendant's motion for new trial. *Judgment affirmed. Sutton, J., concurs.*

Felton, J., concurs in the judgment.